BANK OF DELAWARE, a corporation of the State of Delaware, Executor of the Estate of Ruth E. Whitaker, deceased,
Plaintiff,

*vs.*

BANK OF DELAWARE, a corporation of the State of Delaware, Successor Trustee under a certain Agreement of Trust with Ruth E. Whitaker, deceased, W. Porter Whitaker, Martha M. Whitaker, Mary Porter Whitaker Lundberg, Harriet Whitaker Brandenburg, Jeffery Marshall Brandenburg, Karen McCreary and Mark McCreary,
Defendants.

*New Castle, April 25, 1960.*

*Rodney M. Layton* of Richards, Layton & Finger, Wilmington, for plaintiff-executor and for defendant, Bank of Delaware, Trustee.

*Hugh Corroon* of Berl, Potter & Anderson, Wilmington, for defendants, W. Porter Whitaker and Martha M. Whitaker.

*O. Francis Biondi,* Wilmington, guardian ad litem for Mark McCreary and the unborn issue of Harriet Whitaker Brandenburg.

SEITZ, Chancellor: Plaintiff-executor, seeks instructions as to the proper distribution of the residuary estate of the testatrix.

The testatrix executed her last will on October 24, 1951. For our purposes we can say that she executed an inter vivos trust on the same day. Her will provided that her residuary estate was bequeathed to her inter vivos trust:

> "* * * to be merged with, held and administered as a part of the trust estate held thereunder, which shall not be considered a testamentary trust. If, at my death, the aforesaid trust is not then in existence, then I devise and bequeath my said residuary estate in equal shares to those who shall then be my next of kin according to the laws of descent then in force in the State of Delaware."

Her inter vivos trust of October 24, 1951, which contained certain assets, under Section 2 of Item II provided rather elaborate directions for the payment of income before and after her death and also provided for the ultimate distribution of the corpus. However, on December 6, 1957, she amended her inter vivos trust by deleting Section 2 of Item II in full and inserting in lieu thereof the following provision:

> "Section 2. Upon the death of Settlor, the property then constituting the principal of the trust estate shall be paid over, transferred and conveyed, discharged of the trust, to the Executor or Administrator of Settlor to be distributed as a part of her general estate."

The testatrix died January 11, 1958. Under this sequence of events the executor desires to know how the residuary estate should be distributed. The defendant-trustee and the Guardian for a minor defendant and the unborn issue of another defendant contend that the property should be distributed to Bank of Delaware as testamentary trustee to be administered by it under the provisions of the October 24, 1951, agreement but not as amended by the December 6, 1957, instrument. The attorney for the Whitakers contends that the estate should be distributed to them either as next of kin under the will or should be distributed as intestate property.

Preliminarily, it should be noted that there is no question as to the validity of the December 6, 1957, amendment to the inter vivos trust. By this amendment she wiped out any provision authorizing the payment of income after her death. She also destroyed any provision for the distribution of corpus except for the provisions in the amendment directing the distribution to the executor.

It thus appears that for all practical purposes the inter vivos trust as a trust did not survive the death of the testatrix. After her death the trustee had only one nondiscretionary duty to perform—to deliver the assets to the executor. Yet the language of the will makes it clear that the testatrix contemplated delivery of her residuary estate to the trust only in the event it actively survived her. This is clear from the language in the will to the effect that the residuary assets when delivered by the executor to the trustee were to be merged with and administered as part of the inter vivos trust. Obviously this cannot be done in view of the 1957 amendment to the trust.

Within the limits permitted by reasonable construction of language, the court must try to "make sense" out of the expressions employed by a testator. It is clear that unless the testatrix by the use of the words "If, at my death, the aforesaid trust is not then in existence" meant in existence for purpose of receiving and administering her residuary assets, her language is meaningless. Since it clearly was not in existence for that purpose, I construe her words, under the present circumstances, to render the quoted alternative provision of her will applicable.

The executor is instructed to distribute the residuary estate to the Whitakers as the next of kin of the testatrix. My decision renders it unnecessary to consider the effect of the so-called "pour-over" statute. 12 *Del.C.* § 111.

Present order on notice.